```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

```
FEDERAL INSURANCE COMPANY, as      :
subrogee for, THE PROCACCIANTI     :
GROUP, LLC,                        :
               Plaintiff,          :
                                   :
       v.                          :    CA 11-435 S
                                   :
CITIZENS BANK, COASTWAY            :
COMMUNITY BANK, and MAUDE A.       :
FUOCO,                             :
               Defendants.         :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Coastway Community Bank's Motion to Dismiss (Docket ("Dkt.") #16) ("Motion to Dismiss" or "Motion"). The Motion is brought pursuant to Rules 12(b)(6) and 54(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and seeks dismissal of the Complaint (Dkt. #1) for allegedly failing to state a claim upon which relief may be granted. See Motion at 1. The Motion has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for preliminary review, findings, and recommended disposition. After reviewing the filings, listening to oral argument, and performing independent research, I recommend that the Motion to Dismiss be denied in part and granted in part.

## I. Facts[1]

This is an action for breach of various provisions of the Uniform Commercial Code ("UCC"), as adopted in the State of Rhode Island, breach of contract, and negligence. See Complaint ¶ 1. The claims arise out of an embezzlement allegedly perpetrated upon The Procaccianti Group, LLC ("TPG") by an employee, Defendant Maude A. Fuoco ("Ms. Fuoco"). See id. ¶ 13. Ms. Fuoco forged the name of the authorized signer on numerous checks drawn on TPG accounts at Defendant Citizens Bank ("Citizens"), id. ¶ 14, and also forged the endorsements of the payees on numerous checks and deposited them into her personal account at Defendant Coastway Community Bank ("Coastway"), id. ¶ 15. Plaintiff Federal Insurance Company, as subrogee for TPG, ("Plaintiff") alleges that Coastway acted negligently in allowing checks that were made payable to corporate entities to be deposited into a personal account that did not match the name of the payees. Id. ¶ 31. Plaintiff also alleges that Citizens and Coastway negligently failed "to notify TPG of the embezzlement of funds over several years despite the obvious red flags." Id. ¶ 33.

Plaintiff has pled three causes of action against Coastway. Count Three is a claim for common law negligence. See id. ¶¶ 27-34. Count Four alleges that Coastway breached the presentment

---

[1] The facts are taken from Plaintiff's Complaint which for purposes of determining the instant Motion are assumed to be true.

2

warranties contained in R.I. Gen. Laws § 6A-3-417 and § 6A-4-208 "that obligated Coastway to only accept deposits that contained proper endorsements." Id. ¶ 36. Count Five alleges that Coastway converted TPG's funds in violation of § 6A-3-420 of the UCC when it allowed Ms. Fuoco to deposit checks, which bore forged endorsements and were payable to corporate entities, into her personal account. See id. ¶ 39. Plaintiff seeks damages in the amount of $870,919.52, plus interest, attorneys' fees, and costs. See id. ¶¶ 34-40.

## II. Travel

Plaintiff's Complaint was filed on September 26, 2011. See Dkt. Coastway responded by filing the instant Motion to Dismiss on November 18, 2011. See id. A hearing on the Motion was held on January 31, 2012, and thereafter the Court took the matter under advisement.

## III. Law

### A. Rule 12(b)(6) Standard

"In order to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007)). This pleading standard applies to all civil actions. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1953 (2009).

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a

3

"short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555)(alteration in original). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (citing Twombly, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. (citing Twombly, 550 U.S. at 557).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. (citing Twombly, 550 U.S. at 570); see also Sepúlveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010)("The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.") (citing Iqbal, 129 S.Ct. at 1950-51). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Iqbal, 129 S.Ct. at 1949). The plausibility standard is not akin to a "probability requirement," id., but it asks for more than a sheer possibility

4

that a defendant has acted unlawfully, id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

**IV. Discussion**

    **A. Count Three - Negligence**

In Count Three, Plaintiff alleges that Coastway acted negligently in allowing checks that were made payable to corporate entities to be deposited into a personal account that did not match the name of the payees. Complaint ¶ 31. Plaintiff further alleges that Coastway failed to follow its own internal policies as well as federal regulations regarding the monitoring of customers' accounts for suspicious activity, including "Know Your Customer rules and Anti-Money Laundering laws under the Bank Secrecy Act, 31 USC §[§] 5311-5330 and 31 C.F.R. Chapter X." Id. ¶ 32.

Coastway seeks dismissal of this Count on the ground that Plaintiff has no standing to assert negligence claims against Coastway because a bank does not owe a duty of care to non-customers, and neither Plaintiff nor TPG was a customer of Coastway. See Memorandum of Law in Support of Coastway Community Bank's Motion to Dismiss ("Coastway's Mem.") at 3. Rhode Island law recognizes this general rule. See Volpe v. Fleet Nat'l Bank, 710 A.2d 661, 664 (R.I. 1998)(stating that "the bank owes no duty

5

of care to a noncustomer with whom it has no relationship"); id. ("Simply stated, absent extraordinary circumstances a bank is not liable in negligence to a noncustomer ...."). Other jurisdictions also follow the same rule. See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2nd Cir. 2006)("a bank has no duty to customers of other banks")(quoting Eschel v. Fleet Bank, Index No. 600809/98, slip. op. at 6-7 (N.Y. Sup. Ct. 2003))(applying New York law); Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 227 (4th Cir. 2002)("We are persuaded by the reasoning articulated in the numerous cases holding that a bank does not owe noncustomers a duty of care.") (applying North Carolina law); see also Roy Supply, Inc. v. Wells Fargo Bank, N.A., 46 Cal. Rptr. 2d 309, 325 (Cal. Ct. App. 1995)("Absent extraordinary and specific facts ... a bank is liable only *to its customer* for its mishandling of that customers's account.");

Plaintiff does not dispute that neither it nor TPG were customers of Coastway. However, Plaintiff argues, in effect, that the "extraordinary circumstances," Volpe, 710 A.2d at 664, exception applies in the instant case. See Plaintiff Federal Insurance Company's Memorandum of Law in Opposition to Defendant Coastway Community Bank's Motion to Dismiss ("Plaintiff's Mem.") at 5. Thus, the question presented with respect to Count Three is whether the facts pled in the Complaint are sufficient to establish "extraordinary circumstances." Volpe, 710 A.2d at 664.

6

Plaintiff points to its allegations that Coastway accepted numerous[2] checks for deposit that bore forged endorsements over several years, see Complaint ¶ 3, that the checks were made payable to corporate entities yet were deposited into a personal account that did not match the name of the payees, id. ¶ 31, that the checks totaled a very large amount ($870,919.52), id. ¶ 34, and that Coastway failed to follow its own internal policies and federal regulations, id. ¶ 32; cf. de Kwiatkowski v. Bear, Stearns & Co., 306 F.3d 1293, 1311 (2nd Cir. 2002)("noncompliance with internal standards could be evidence of a failure to exercise due care, assuming however a duty as to which due care must be exercised"). Although the issue is not without some doubt, after careful consideration the Court concludes that the facts pled are sufficient to allow Plaintiff to escape dismissal at this juncture relative to its negligence claim.

In reaching this conclusion, the Court attaches significance to the sharp contrast between the facts in Volpe and those in the instant case. In Volpe, the depositary bank[3] accepted a single

---

[2] Plaintiff in its memorandum states that Ms. Fuoco "deposited an extraordinary number of unauthorized checks — hundreds — over the course of roughly seven years in her account(s) at Coastway." Plaintiff's Mem. at 5. However, in deciding the instant Motion, the Court is limited to the facts pled in the Complaint. Hence, the Court only refers to "numerous checks ...." Complaint ¶¶ 3, 13-15.

[3] For a helpful explanation of the terms "depositary bank," "payor bank," "payee bank," "drawer," "drawee bank," "collecting bank," etc., the reader is directed to J. Walter Thompson, U.S.A., Inc. v. First BankAmericano, 518 F.3d 128, 131 (2nd Cir. 2008).

7

check for $18,500.  Volpe, 710 A.2d at 662.  The check bore a valid signature from the drawer (Ryder Truck Rental) and was payable to the order of Nancy Volpe and Thomas Jackvony.  Id.  Jackvony endorsed his name to the back of the check, forged Volpe's endorsement, and deposited the check into his account at the depositary bank.[4]  Id.  Here, Coastway accepted numerous checks over several years which totaled more than $870,000.  See Complaint ¶ 3, 5, 13-17.  The checks bore the forged name of the authorized signer for the drawer (TPG), and they were payable to corporate entities.  See id. ¶¶ 3, 5, 13-15, 31.  Ms. Fuoco forged the endorsements of these payees and deposited them into her personal account.  Id. ¶¶ 14-15.  Thus, each check contained a forgery on both the front and back of the draft.  In addition, the fact that the checks were payable to corporate entities but were deposited into Ms. Fuoco's personal account is another noteworthy distinction between the cases.

In Sun 'n Sand, Inc. v. United California Bank, 582 P.2d 920 (Cal. 1978), the Supreme Court of California held that a complaint states a cause of action for negligence against a payee bank "when checks, not insignificant in amount, are drawn payable to the order of a bank and are presented to the payee bank by a third party

---

[4] The record does "not specify whether Jackvony deposited the proceeds of the check into his personal account or his client-funds account."  Volpe, 710 A.2d at 662 n.1.

8

seeking to negotiate the checks for his benefit." Id. at 937.[5] In such circumstances, the court found that the payee bank owes a "narrowly circumscribed," id., duty to the non-customer drawer, id.

The facts in Sun 'n Sand, Inc., were as follows. Eloise Morales, an employee of Sun 'n Sand, prepared checks for signature by a corporate officer. Id. at 926. Over a three-year period, she prepared nine checks payable to United California Bank (UCB), wherein she maintained a personal account. Id. She obtained authorized signatures on these checks from a Sun 'n Sand officer who believed they represented small sums his company owed to UCB. Id. No such debts were in fact owed. Id. Morales then altered the checks, increasing the amount in each case to several thousand dollars, and presented them to UCB for deposit into her personal account. Id. Thus, although UCB was the named payee, it "caused or permitted" the proceeds of the checks to be deposited in a personal account maintained by Morales at UCB. Id. The Sun 'n Sand court found that this was sufficient to impose a duty of care on UCB. Id. at 937; see also id. at 936 ("We agree that an attempt by a third party to divert the proceeds of a check payable to the order of a bank to the benefit of one other than the drawer or drawee suggests a possible misappropriation. Accordingly, we

---

[5] The Court is aware that the comment to R.I. Gen. Laws § 6A-3-417 rejects the holding in Sun 'n Sand "that under former Section 3-417(1) a warranty was made to the drawer of a check when the check was presented to the drawee for payment." U.C.C. § 6A-3-417 cmt. 2. However, the comment refers to a cause of action based on § 6A-3-417, and the cause of action pled in Count Three is common law negligence.

9

conclude that Sun 'n Sand's allegations define circumstances sufficiently suspicious that UCB should have been alerted to the risk that Sun 'n Sand's employee was perpetrating a fraud. By making reasonable inquiries, UCB could have discovered the fraudulent scheme and prevented its success.").

In so finding, the Sun 'n Sand court explained that:

> [T]he bank's obligation is minimal. We hold simply that the bank may not ignore the danger signals inherent in such an attempted negotiation. There must be objective indicia from which the bank could reasonably conclude that the party presenting the check is authorized to transact in the manner proposed. In the absence of such indicia, the bank pays at its peril.

Id. at 937.

A lower California appellate court subsequently concluded that Sun 'n Sand "did not limit the negligence cause of action only to the situation where the check or checks are drawn payable to the order of a bank ...." E.F. Hutton & Co. v. City Nat'l Bank, 196 Cal. Rptr. 614, 619 (Cal. Ct. App. 1984). In E.F. Hutton, "the checks, either in the aggregate or individually, were for a substantial amount, payable to the individual payees at another bank, with inadequate indicia on the face of the checks (as pleaded) regarding the authorization of [plaintiff's dishonest employee] (who, it appeared, was to benefit from each transaction) to negotiate the instruments." Id. The court concluded that "the risk to the drawer plaintiff was sufficiently foreseeable to impose a duty on defendant City Bank, the collecting bank, not to ignore

10

the danger signals inherent in the forged negotiations by [the dishonest employee]." Id.; see also Software Design & Application, Ltd. v. Hoefer & Arnett, Inc., 56 Cal. Rptr. 2d 756, 761 (Cal. Ct. App. 1996)("The danger signals triggered in these cases all stemmed from the particular circumstances of the checks, endorsements or depositors, where the person attempting to negotiate the check is not the payee."). Accordingly, the E.F. Hutton court held that the "defendant bank proceeded at its peril when it failed to take reasonable steps to investigate [the dishonest employee]'s authority to negotiate the checks and to deposit the collected check funds in his personal account." E.F. Hutton & Co., 196 Cal. Rptr. at 619. The facts of E.F. Hutton are close to the facts of the instant case.[6]

In Wymore State Bank v. Johnson International Co., 873 F.2d 1082 (8th Cir. 1989), the drawer counterclaimed against the depositary bank for negligence in accepting checks which the drawer's employee had forged and deposited into his account at the

---

[6] The Court is cognizant that the holding in E.F. Hutton has been described as "the minority position ...." Northbrook Prop. & Cas. Ins. Co. v. Citizens & Southern Nat'l Bank, 361 S.E.2d 531, 533 (Ga. Ct. App. 1987); see also id. (holding that subrogee of company, whose employee cashed numerous unauthorized checks drawn on company account and payable to fictitious individuals, could not recover because of mere negligence on bank's part). Nevertheless, Rhode island and "other jurisdictions, while following the general rule that a bank owes no duty to a third-party non-customer, have declined to foreclose the possibility of a duty where the bank has actual knowledge that its depositor is breaching a fiduciary duty owed to a third person." Fine v. Sovereign Bank, 634 F.Supp.2d 126, 136 (D. Mass. 2008)(citing, *e.g.*, Volpe, 710 A.2d at 664-65).

11

depositary bank. Id. at 1083-84. Applying Nebraska law, the Eighth Circuit reversed a grant of summary judgment in favor of the depositary bank because the drawer offered sufficient "evidence to indicate that [the depositary bank], through its officers, was 'placed on such notice as to require further investigation' into [the employee]'s financial situation." Id. at 1086 (quoting Travelers Indem. Co. v. Center Bank, 275 N.W.2d 73, 75 (1979)). In so finding, the Wymore State Bank court noted that "the evidence indicates that bank officers ... had knowledge of [the employee]'s unstable financial activities and history at [the depositary bank], but failed to inquire as to why he deposited checks which were made payable to other people and bore irregular indorsements." Id. at 1087.

It is true that the danger signals alleged in Wymore State Bank were more pronounced than those alleged in the instant Complaint[7] and that the Wymore holding is based on Nebraska law which appears to be more liberal than Rhode Island law relative to

---

[7] The drawer in Wymore State Bank v. Johnson International Co., 873 F.2d 1082 (8th Cir. 1989), based its claim of negligence on the following acts attributed to the depositary bank: (1) numerous checks made payable to third parties were deposited into the employee's personal account entitled Joinco; (2) the checks were in irregular form and bore physical evidence of forgery; (3) the depositary bank had no corporate resolution establishing the Joinco account; (4) the depositary bank knew or should have known that the employee's acts were in violation of his fiduciary duties and obligations to the drawer, and (5) an employee of the depositary bank, who was related to the defalcating employee, aided and abetted him by assisting in depositing the checks with knowledge that he was violating his fiduciary duty to the drawer and that the checks bore forged endorsements. Id. at 1086.

12

actions against banks by noncustomers, see id. at 1085. Nevertheless, the Sun 'n Sand, E.F. Hutton, and Wymore State Bank opinions all indicate that a depositary bank may have a duty of care to a drawer under certain, narrowly described circumstances. That is the possibility which the Rhode Island Supreme Court specifically left open in Volpe. See 710 A.2d at 664; see also Fine v. Sovereign Bank, 634 F.Supp.2d 126, 136 (D. Mass. 2008) (citing, *e.g.*, Volpe, 710 A.2d at 664-65).

Given the circumstances pled in the Complaint (*i.e.*, the acceptance over several years of numerous checks which bore multiple forgeries and totaled over $870,000 and which were payable to corporate entities but deposited into a personal account at Coastway), this Magistrate Judge is persuaded that Plaintiff has alleged sufficient facts to "unlock the doors of discovery." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Accordingly, I recommend that the Motion be denied as to Count Three.

**B. Count Four - Breach of Presentment Warranties**

In Count Four, Plaintiff alleges that "Coastway accepted deposits of checks into the personal account of [Ms.] Fuoco that contained forged endorsements and breached the Presentment Warranties contained in the UCC that obligated Coastway to only accept deposits that contained proper endorsements." Complaint ¶ 36. The heading of Count Four indicates that the provisions of the

UCC being invoked are R.I. Gen. Laws § 6A-3-417 and § 6A-4-208.[8]

With respect to § 6A-3-417, Plaintiff has no standing as the drawer of the checks at issue to enforce presentment warranties under §6A-3-417. See Innovative Hospitality Sys., LLC v. Abe's Inc., 52 So.3d 313, 317 (La. Ct. App. 2010)("a warranty of presentment is available only to a drawee against a depositary bank")(citing UCC § 3-417 Official Comment 2)(applying Louisiana law); see also Bank Polska Kasa Opieki, S.A. v. Pamrapo Sav. Bank, S.L.A., 909 F.Supp. 948, 955 (D.N.J. 1995)("the Code warranties contained in Sections 3-417 and 4-207 do not run to the drawer")(applying New Jersey law); In re Ostrom-Martin, Inc., 188 B.R. 245, 257 (Bankr. C.D. Ill. 1995)("We hold that Steinroe, as the drawer of the redemption check, did not have standing to enforce the presentment warranties under either the former or

---

[8] Presumably due to a typographical error, Plaintiff cites to R.I. Gen. Laws "§ 6A-4-207" in connection with Count Four and not to "§ 6A-4-208" which is pled in the Complaint. See Plaintiff Federal Insurance Company's Memorandum of Law in Opposition to Defendant Coastway Community Bank's Motion to Dismiss ("Plaintiff's Mem.") at 7; see also Complaint, Count Four heading. To the extent that the citation in Plaintiff's Mem. was not in error, Plaintiff may not avoid dismissal of Court Four by claiming that the Complaint alleges breach of a warranty other than those pled in the Complaint.
    Moreover, even if the Court were to assume that the Complaint pleads § 6A-4-207, the warranty contained in § 6A-4-207 does not run to the drawer (Plaintiff). See Bank Polska Kasa Opieki, S.A. v. Pamrapo Sav. Bank, S.L.A., 909 F.Supp. 948, 955 (D.N.J. 1995)("4-207 warranty does not run to drawer because it is not a payor, transferee or collecting bank")(citing Life Ins. Co. of Virginia v. Snyder, 358 A.2d 859 (Passaic Cnty. (N.J.) Ct. 1976)); In re Ostrom-Martin, Inc., 188 B.R. 245, 257 (Bankr. C.D. Ill. 1995)(holding that drawer of check did not have standing to enforce presentment warranty under U.C.C. § 4-207); Northern Trust Co. v. Chase Manhattan Bank, N.A., 582 F.Supp. 1380, 1387 (S.D.N.Y. 1984)(finding "without merit" plaintiff's theory that depositary bank warranted, *inter alia*, signature of drawer which was forged).

14

amended §[] 3-417 ....")(quoting Steinroe Income Trust v. Cont'l Bank N.A., 606 N.E.2d 503, 505 (Ill. App. Ct. 1992)); Northern Trust Co. v. Chase Manhattan Bank, N.A., 582 F.Supp. 1380, 1387 (S.D.N.Y. 1984)(finding plaintiff's theory that under U.C.C. § 3-417(2)(b) depositary bank warranted the signature of the drawer, which was forged, to be "without merit").

Turning to R.I. Gen. Laws § 6A-4-208, this section "sets out the presentment warranty given by depositary and collecting banks when presenting a check to the drawee/payor bank for payment." J. Walter Thompson, U.S.A., Inc. v. First BankAmericano, 518 F.3d 128, 133 (2nd Cir. 2008); see also id. at 139 ("U.C.C. § 4-208(a) outlines the presentment warranty owed to a drawee/payor bank that pays an altered check in good faith"); In re Redondo Constr. Corp., 411 B.R. 114, 127 (Bankr. D.P.R. 2009)("[S]ection 4 - 208 of the UCC deals with the presentment warranties banks give each other in case of liability."). It does not provide Plaintiff, the drawer, with a cause of action against Coastway. See Stamford Athletic Club v. Union Trust Co., No. CV 94136922, 1997 WL 155376, at *2 (Conn. Super. Ct. Mar. 25, 1997)("[T]he Revisions make it clear that drawers may not bring suit directly against deposit[a]ry banks under the two causes of action applicable to such banks: conversion (§ 3-420 Comment 1) and the warranties of presentment (§ 3-417, Comment 2 and § 4-208).")(quoting T. Fisher, "Check Fraud Litigation in Connecticut after the 1990 Revisions to the U.C.C.,"

15

68 Conn. B.J. 393, 398 (1994))(alteration in original).

Accordingly, Plaintiff lacks standing to prosecute a cause of action pursuant to either R.I. Gen. Laws § 6A-3-417 or § 6A-4-208. Therefore, Count Four should be dismissed. I so recommend.

**C. Count Five - Breach of R.I. Gen. Laws § 6A-3-420.**

As already stated above, drawers may not bring suit directly against depositary banks under U.C.C. § 3-420. Stamford Athletic Club, 1997 WL 155376, at *2. Any doubt about this proposition is eliminated by Comment 1 to R.I. Gen. Laws § 6A-3-420:

> Under former Article 3, the cases were divided on the issue of whether the drawer of a check with a forged indorsement can assert rights against a depositary bank that took the check. The last sentence of Section 3-420(a) resolves the conflict by following the rule stated in Stone & Webster Engineering Corp. v. First National Bank & Trust Co., 184 N.E.2d 358 (Mass. 1962).[9] There is no reason why a drawer should have an action in conversion. The check represents an obligation of the drawer rather than property of the drawer. The drawer has an adequate remedy against the payor bank for recredit of the drawer's account for unauthorized payment of the check.

U.C.C. § 6A-3-420 cmt. 1.

Accordingly, Plaintiff has no standing to bring a cause of action pursuant to § 6A-3-420. Thus, the Motion should be granted as to Count Five. I so recommend.

---

[9] "In Stone, the Supreme Judicial Court of Massachusetts, while ruling on an action by a drawer against a collecting bank which cashed checks with forged endorsements, held that the drawer could not bring a conversion action directly against the collecting bank." Sebastian v. D & S Express, Inc., 61 F.Supp.2d 386, 390 (D.N.J. 1999)(citing Stone, 184 N.E.2d at 363).

**V.    Conclusion**

For the reasons stated above, I recommend that the Motion to Dismiss be denied as to Count Three and granted as to Counts Four and Five.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ *David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
April 11, 2012